**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4884**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE D. EARLY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CR-02-125)

Submitted: October 1, 2004          Decided: July 12, 2005

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nicole E. Upshur, THE LAW OFFICE OF NICOLE ELISE UPSHUR, Virginia Beach, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Darnell Early pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841, 846 (2000). The district court sentenced Early to 240 months of imprisonment followed by forty-eight months of supervised release. Early appeals his conviction and sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious grounds for appeal. Finding no error, we affirm.

Counsel first questions whether the district court properly conducted the Fed. R. Crim. P. 11 colloquy. Our review of the record leads us to conclude that there is no plain error in the plea proceeding. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir.) (discussing standard of review), cert. denied, 537 U.S. 899 (2002).

Next, counsel raises as a potential issue that trial counsel rendered ineffective assistance by failing to object to the presentence report's base offense level calculation. An allegation of ineffective assistance of counsel should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We find that, because it is not clear that counsel was ineffective, and in fact

the evidence in the record reveals that Early's alleged ineffective assistance issues did not result in error, we decline to consider this claim on direct appeal.

Finally, to the extent Early challenges his sentence, this claim is waived by the provisions of Early's plea agreement. See United States v. Blick, 408 F.3d 162 (4th Cir. 2005)(an otherwise valid waiver of appellate rights entered into prior to Blakely v. Washington, 124 S. Ct. 2531 (2004), is still enforceable after Blakely and United States v. Booker, 125 S. Ct. 738 (2005)).

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -